Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

FILED

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

Ft. Myers Division

2022 OCT 14  PM 1:49

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

Zebelede Garrison
_____
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

–v–

L. + Dotorio, Sgt Bush, Gooneva
_____
Defendant(s)
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:22-CV-664-JLB-KCD
(to be filled in by the Clerk's Office)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: _Zebelede Gambon_
All other names by which you have been known:
ID Number: _B12696_
Current Institution: _Florida State Prison Main unit_
Address: _P.O. Box 800_
_Raiford_        _FL_        _32083_
City        State        Zip Code

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name: _Bush_
Job or Title *(if known)*: _Sergeant_
Shield Number: _N/A_
Employer: _Florida Depart of corrections_
Address: _381 South calhoun street_
_tallahassee_        _Fl_        _32399_
City        State        Zip Code
[✓] Individual capacity        [ ] Official capacity

Defendant No. 2
Name: _Dotorio_
Job or Title *(if known)*: _Lieutenant_
Shield Number: _N/A_
Employer: _Florida Department of Corrections_
Address: _501 South Calhoun street_
_tallahassee_        _Fl_        _32399_
City        State        Zip Code
[✓] Individual capacity        [ ] Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

Name                          Grooneva

Job or Title *(if known)*      Officer

Shield Number                 N/A

Employer                      Florida Department of Corrections

Address                       501 South calhoun street

                              tallahassee    Fl    32399

                              *City*         *State*      *Zip Code*

☑ Individual capacity    ☐ Official capacity

Defendant No. 4

Name                          _____

Job or Title *(if known)*      _____

Shield Number                 _____

Employer                      _____

Address                       _____

                              _____

                              *City*         *State*      *Zip Code*

☐ Individual capacity    ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Plaintiff's Eighth Amendment, AnD Fourteenth Amendment was violated.

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

SEE Attach →
EXHIBIT A

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)* _____

## IV.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

N/A

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

Charlotte C-I
G-Dormitory wing-two on November 11, 2020

EXHIBIT A

Each defendant acted
acted under color of
state or local law

Page 1 of 3

Sgt Bush's Failure to properly strip search the other Inmate before letting the other inmate exit the cell and do a thorough pat search after the inmate exited the cell and before the inmate entered the group room for any weapons.

Sgt Bush also failed to properly place inmate in hand restraints and check them to make sure that the hand restraints was properly secured is how defendant Bush acted under color of state or local law.

Defendant Bush also acted under the color of state or local law by not protecting the plaintiff from harm. Defendant Bush acted with malice intent as Defendant Bush was well aware of the plaintiff's previous lawsuits and filing grievance's on other officer's and used the plaintiff as a human shield as if he was trying to protect himself, and subjecting the plaintiff to be stabbed multiple times causing injurie's to, the plaintiff's head, hand, arm's and back.

Defendant Gooneva acted under the color of state or local law by his failure to properly pat search the inmate for any weapons

and to check to make sure that the hand restraints were properly secured before the inmate entered the group room area was deliberately done with malice intent and not intervening by protecting by protecting the plaintiff from further physical harm but instead the plaintiff was used as a human shield that caused the plaintiff to be stabbed multiple times with a knife in the head, hand, arms and back. Defendant also had knowledge of the plaintiff's previous lawsuit's and grievance's on other officer's.

Defendant Dotorio acted under color of state or local law when he deliberately placed the plaintiff in the shower on camera as if the plaintiff was the aggressor and told the plaintiff to shut up when plaintiff asked why was he being placed in the shower when defendant Dotorio knew that the plaintiff was the victim and should have tooken the plaintiff to the ER(Emergency Room) to med-ical immediately to treat and ev-aluate his injurie's.

Instead Defendant Dotorio put plaintiff in the shower on ca-mera leaving him there for over

Twenty minute's, this also shows defendant Dotorio's malice intention's to make the Plaintiff suffer which also could have lead to the Plaintiff's death from lost of blood, when Captain mena ask Lt. Dotorio why have'nt Plaintiff been taken to medical up front yet, while I was half handycap, drenched in my own blood and in severe pain trying to wash the blood off my hand's which is very difficult to do as im still in handre-straint's.

Defendant Dotorio did not have no proper response nor answer for captain mena to justify his spiteful action's, this then caused captain mena to snap and give him a direct order to get the Plaintiff up front to medical immediately.

Even after direct order's were given to defendant Dotorio to have the Plaintiff escorted to medical up front immediately defendant Dotorio instead had the Plaintiff escorted to another shower in wing one of G-dormitory and the Plaintiff was not escorted up front to medical to get the proper medical treatment until approximately after nearly 45 minutes.

C.     What date and approximate time did the events giving rise to your claim(s) occur?

_11-12-20 APProximate between 9:00-10:30 a.m._

D.     What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what? Was anyone else involved?  Who else saw what happened?)*



EXHIBIT B
See Attach
Statement oF
Fact's.

## V.     Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

My left hand I was Stab in, Recieving several Stitches, I lost the Strength in My left hand, as my hand is now lame. I Plaintiff recieved several staple's to my head From being Stab and I constantly have migraines, causes me to blackout and memory shortage. I was Stab in the back and arm's with Permanent damage's.

## VI.     Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

Plaintiff Zebelede Gorrison has been irreparably injured by the conduct oF defendant's, Plaintiff respectfully Pray that this court enter's Judgement granting Plaintiff and ordering defendant's to pay compensatory Damages in the amount oF $30.000 a Piece along with Punitive Damages in the amount oF $25.000 each defendant Lt Dotorio, Sgt Bush, officer Gooneva.

EXHIBIT B

State_ment of Facts
Attach For
Part D. Page 5 of 11

1.) On the day of 11-12-20 approx-
imately around a.m 9:00 - 10:30 hours
of time at Charlotte C-I in G-dormitory
wing-2 where I inmate Zebelede Gar-
rison was house at the time in cell
G-2112.

2.) Sgt Bush, officer Gooneva
and Lieutenant Dotorio Failed to
Protect me and keep me safe
as an inmate, on 11-12-20 Mr. redline
the mental health counselor made
his normal round's going to each cell
asking inmates did they want to go
to group.

3.) me and another inmate decided
to go to group and I was one out of
the two. Sgt Bush and officer Gooneva
went and pulled the other inmate first
out of his cell. Which was cell, G-2104 right
across from me where I stood on
my door waiting to be pulled out for
group next.

4.) As officer Gooneva put the hand
restraint's on the inmate they than rolled
his door as the officers made sure the
hand restraint's was tied and place on
the inmate waist.

5.) I notice the inmate made
it very obvious infront of Sgt Bush
and officer Gooneva and the camera
that his hand restraint's was never
Properly secured on his wrist as he
never once tried hiding the fact
what he was doing, with his right Page 1 of 5

hand as it easily slip ~~through~~ half way through the hand restraint's as I stood on my cell door, not one time I thought or I was aware that Sgt Bush and Officer Gooneva was Preping the inmate to do me any kind of harm.

6.) After the leg restraint's was Place on the inmate he was walk to the Conference group room in G-dormitory wing-2 where Mr. Redline. Was sitting down waiting.

7.) When Sgt Bush and Officer Gooneva finally Place the inmate inside the group room. They both walk over to me and left the inmate unattended with a Civilian which Chapter 33, prohibit due to fact we ~~are~~ close management inmates.

8.) A thorough strip search to Prevent putting other inmate's at a Substantial risk, which I realize Officer Gooneva did a quick Falsly pat search just to Satisfy the Camera before they even brought the other inmate to the group room.

9.) When I was placed in hand restraint's, it was So tight around my Wrist but to no avail, my complaint felled upon deaf ear's which made me really start to pay attention to what was going on around me as I felt the tension so thick between me and Sgt Bush and Officer Gooneva who I never had no conflict before that I could

Page 2 of 5

remember as of this moment.

10.) The tension caused me to pay attention to the inmate who was inside the group room. After I was secured with hand's and leg restraint's officer Goonava grab me by my left arm and sgt Bush grab me by the right arm and walked me to the group room,

11.) Before we made it to the group room, Mr. Redline the counselor speedily rush out of the room toward us and was fast talking something to sgt Bush who was holding on to me, I was unable to comprehend what mr. Redline was saying because my focus was now on the inmate in the group room who took a last look at me right before he winked his eye at me.

12.) I was no longer able too see the inmate for approximately 3 or 4 second's who then ran out of the room, at me with full force with a knife in his hand held high.

13.) I was unable to go anywhere, because of the tight grip sgt Bush had on my arm, which stop me from attempting to protect my self as well as the hand restraint's that was tightly secured on my hand's and leg's. Sgt Bush used me for a human shield to protet him self causing me to get stab muitiple time's in my head, arm's and Page 3 of 5

hand, back, which I could have been killed, due to the fact Sgt Bu-sh, officer Goonera, Lietenant Dotorio, Nurse Ms. Monroe failed to protect me, as an inmate as they continuosly fail's to do their job and follow simple order's and rule's.

14.) I plaintiff grieved the serious matter which was an out-come of result's of the grievance process being investigated and approved.

15.) I plaintiff was going thro-ugh trauma and fearful time's at charlotte while I had a lawsuit pending on Lieutenant Jame's Foster at the time who was the L.t over B-dormitory, so I was being retali-ated on by the above officer's nurse's, who all was aware of the grievance's I wrote and lawsuit's pending.

16.) I was threaten by L.t Dotorio who was close friend's with L.t Foster, if I speak to the inspector general about anything I wont live to see tomorrow so I was scared not knowing what to do in my situation so I refuse to talk to the inspector and decid-ed to write a letter about every-thing to the Ft myer's court house who contacted the prison about my issue at hand.

Page 4 of 5

17.) In my grievance that was approved and investigated, I ask for relief sought that the audio and camera all evidence be saved on the day of 11-12-20, as well as the small portible camera footage as well which will show L.t Dotorio giving order's on audio the dormitory wing-2 G-dorm camera to put me on - camera and place me in the shower.

18.) While I was bleeding profusely from my hand, head arm back, wound's, I was treated as the aggresive suspect when I was victimized and not being rush immediately to medical, which show's all the above defendant's acted in a malice way.

19.) Plaintiff suffer's cont-invously injurie's that caused Plaintiff mutiple stitche's to his left hand that is now lame numerous staple's to the back top of his head, deep scar wound's to his back and arm's that left Plaintiff mentally scard living with post traumatic stress dis-order's, which plaintiff has been now diagnosed with, from the psychological mental health Dr.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## VII.   **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Charlotte correctional Institution While I was house on close management.

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☑ No

☐ Do not know

If yes, which claim(s)?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☑ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

Charlotte Correctional Inst.

2.    What did you claim in your grievance?

My 8th Amendment and 14th Amendment was violated, Prison Officials, Failed to Protect me and had malice intentions the whole while Placing me in danger.

3.    What was the result, if any?

Informal grievance was approved and investigated.

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

1. Informal grievance to the Institution
2. Formal grievance to the warden Inst.
3. Appeal to the Florida Department of corr Secretary.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.    If you did not file a grievance:

    1.    If there are any reasons why you did not file a grievance, state them here:

N/A

    2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

N/A

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

EXHIBIT C

See Attach to the back — ⟶

(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

N/A

**INMATE REQUEST**

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

Mail Number: _____
Team Number: _____
Institution: CHARLOTTE-E

510-2012-0184    EXHIBIT C

| TO: (Check One) | ☑ Warden | ☐ Classification | ☐ Medical | ☐ Dental |
| --- | --- | --- | --- | --- |
| | ☐ Asst. Warden | ☐ Security | ☐ Mental Health | ☐ Other _____ |

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
| --- | --- | --- | --- | --- | --- |
| | ZEBELEDE GARRISON | B12696 | G-2112 | N-A | 12-9-20 |

**REQUEST**    Check here if this is an informal grievance ☑

ON THE DAY OF 11-12-20 APPROXIMATELY AROUND A.M 9:00 -10:30 HOURS OF
TIME AT CHARLOTTE CORRECTIONAL INSTITUTION IN G-DORMITORY WING-2 WHERE I INMATE
E, ZEBELEDE GARRISON WAS HOUSE AT THE TIME IN CELL-2112 SEARGENT BUSH, OFFICER COOVER AND
WARDEN SNYDER, LIEUTENANT DOTOMIO, FAILED TO PROTECT ME AND KEEP ME SAFE, AS AN
INMATE & ON 11-12-20 MR. REDLINE THE MENTAL HEALTH COUNSELOR MADE HIS NORMAL
ROUNDS GOING TO EACH CELL ASKING ALL INMATES DO THEY WANT TO GO TO GROUP.
ME AND ANOTHER INMATE DECIDED TO GO TO GROUP AND I WAS ONE OUT OF THE
TWO, SGT BUSH AND OFFICER COOVER, WENT AND PULLED THE OTHER INMATE FIRST
OUT OF HIS WHICH WAS CELL G-2104 RIGHT ACROSS FROM ME WHERE I STOOD
ON THE WAITING TO BE PULLED OUT FOR GROUP NEXT. AS OFFICER COOVER PUT THE
HAND RESTRAINTS ON THE INMATE THEY THEN ROLLED HIS DOOR, AS THE OFFICERS
MADE SURE THE HAND RESTRAINTS WAS TIED AND PLACE ON THE INMATE WRIST

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): _____    DC#: B12696

---

DO NOT WRITE BELOW THIS LINE

**RESPONSE**    DATE RECEIVED: _____

Please see the attached
response.

RECEIVED
DEC 10 2020
By _____

MAILED DATE:
DEC 21 2020
INMATE GRIEVANCE OFFICE

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied,
you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

| Official (Print Name): | Official (Signature): | Date: 12/21/20 |
| --- | --- | --- |

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

Incorporated by Reference in Rule 33-103.005, F.A.C.

CV, B12696

CONTINUE, INFORMAL GRIEVANCE
ADD ON NARRATIVE PAGE #1

12-9-20

I NOTICE THE INMATE MADE IT VERY OBVIOUS INFRONT OF SGT BUSH
AND OFFICER GOOVER AND THE CAMERA THAT HIS HAND RESTRAINTS
WAS NEVER PROPERLY SECURED ON HIS WRIST AS HE NEVER ONCE TRIED
HIDING THE FACT WHAT HE WAS DOING, WITH HIS RIGHT HAND AS
IT EASILY SLIP HALF WAY THROUGH THE HAND RESTRAINTS AS I
STOOD ON MY CELL DOOR, NOT ONE TIME I THOUGHT OR I WAS AWARE
THAT SGT BUSH AND OFFICER GOOVER WAS PREPING THE INMATE TO
DO ME ANY KIND OF HARM. AFTER THE LEG RESTRAINTS WAS
PLACE ON THE INMATE HE WAS WALK TO THE CONFERENCE GROUP ROOM
IN G-DORMITORY WING-2 WHERE MR. REDLINE, WAS SITTING DOWN
WAITING. WHEN SGT BUSH AND OFFICER GOOVER FINALLY PLACE THE INMATE
INSIDE THE GROUP ROOM. THEY BOTH WALK OVER TO ME AND LEFT
THE INMATE UNATTENDED WITH A CIVILIAN WHICH CHAPTER 33, PROHIBIT
DUE TO THE FACT WE ARE CLOSE MANAGEMENT INMATES, A THOROUGH
STRIP SEARCH TO PREVENT PUTTING OTHER INMATES AT A SUBSTANTIAL
RISK, WHICH I REALIZE OFFICER GOOVER DID A QUICK FAISLY PAT
SEARCH JUST TO SATISFY THE CAMERA BEFORE THEY EVEN
BROUGHT THE OTHER INMATE TO THE GROUP ROOM. WHEN I WAS
PLACED IN HAND RESTRAINTS, IT WAS SO TIGHT AROUND MY WRIST
BUT TO NO AVAIL, MY COMPLAINT FELLED UPON DEAF EARS
WHICH MADE ME REALLY START TO PAY ATTENTION TO WHAT WAS
GOING ON AROUND ME AS I FEIT THE TENSION SO THICK BETWEEN
ME AND SGT BUSH AND OFFICER GOOVER WHO I NEVER HAD NO
CONFLICT WITH BEFORE, THAT I COULD REMEMBER AS OF THIS
MOMENT. THE TENSION CAUSED ME TO PAY CLOSE ATTENTION TO
THE INMATE WHO WAS INSIDE THE GROUP ROOM. AFTER I
WAS SECURED WITH HAND'S AND LEG RESTRAINT'S OFFICE GOOVER
GRAB ME BY THE LEFT ARM AND SGT. BUSH GRAB ME
BY THE RIGHT ARM AND WALKED ME TO THE GROUP ROOM,
WHICH, BEFORE WE MADE IT TO THE GROUP ROOM MR. REDLINE
THE COUNSELOR SPEEDILY RUSH OUT OF THE ROOM TOWARD US AND
WAS FAST TALKING SOMETHING TO SGT BUSH WHO WAS HOLDING
ON TO ME, I WAS UNABLE TO COMPREHEND WHAT MR. REDLINE
WAS SAYING BECAUSE MY FOCUS WAS NOW ON THE INMATE IN THE

RECEIVED
DEC 10 2020

CONTINUE, INFORMAL GRIEVANCE
ADD ON NARRATIVE PAGE#2

12-9-20

GROUP ROOM WHO TOOK A LAST LOOK AT ME RIGHT BEFORE HE WINKED HIS EYE AT ME. I WAS NO LONGER ABLE TOO SEE THE INMATE FOR APPROXIMATELY 3 OR 4 SECOND'S WHO THEN RAN OUT OF THE ROOM AT ME WITH FULL FORCE WITH A KNIFE IN HIS HAND HELD HIGH. I WAS UNABLE TO GO ANYWHERE BECAUSE OF THE TIGHT GRIP SGT BUSH HAD ON MY ARM AND I WAS UNABLE TO PROTECT MY SELF BECAUSE OF THE HAND RESTRAINTS THAT WAS TIGHTLY SECURED ON MY HAND'S AND LEG'S SGT BUSH USED ME FOR A HUMAN SHIELD TO PROTECT HIM'SELF COUSING ME TO GET STAB MULTIPLE TIMES IN MY HEAD, ARMS AND BACK, WHICH I COULD HAVE BEEN KILLED. DUE TO THE FACT BOTH OFFICER AND SGT, WARDEN LIEUTANENTS FAILED TO PROTECT ME, AS AN INMATE, BY NOT ENFORCING THE RULE'S UPON THEIR OFFICERS BY RANK AS THEY CONTINOUSLY FAIL'S TO DO THEIR JOB AND FOLLOW SIMPLE ORDERS AND RULE'S, AND NOT HOLDING HIS OFFICERS ACCOUNTABLE FOR THEIR ACTIONS. I ASK FOR RELIEF SOUGHT THAT, THE AUDIO AND CAMERAS ALL EVIDENCE BE SAVED ON THE DAY OF 11-12-20, AS WELL AS THE SMALL PORTIBLE CAMERA FOOTAGE AS WELL WHICH WILL, SHOW PROOF AT ALL TIMES I WAS A VICTIM BUT TREATED AS THE AGGRESIVE SUSPECT AS I WAS NOT IMMEDIATELY RUSH TO MEDICAL, BUT PLACE ON CAMERA INSIDE THE SHOWER WHILE I WAS PROFUSLY, BLEEDING FROM MY HEAD, HAND, ARM, BACK WOMB'S. I ASK THAT MY INFORMAL GRIEVANCE BE THORUGHLY INVESTIGATED WITH'OUT FAVORTISIM, AS I CALL THE CAMERA FOR A WITNESS, IN THE FACT'S OF MY INFORMAL BE BROUGHT TO ALL HIGHER UP ATTENTION AND NOT DENIED.


RECEIVED
DEC 10 2020
By_____

ZG 812696

EXHIBIT C

Your informal grievance has been received and reviewed. The issue of your complaint was referred to Security for appropriate action. Upon completion of necessary action, information will be provided to appropriate administrators for final determination and handling. BE ADVISED THIS MAY OR MAY NOT RESULT IN A PERSONAL INTERVIEW WITH YOU.

As action has been initiated, you may consider your grievance APPROVED from that standpoint. **This does not constitute substantiation of your allegations.**

Your allegations have been previously reported.

Charlotte Correctional Institution

Informal Grievance 510-2012-0184



MAILED DATE:

DEC 21 2020

INMATE GRIEVANCE OFFICE

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit
Plaintiff(s)    _____ N/A _____
Defendant(s)    _____

2.    Court *(if federal court, name the district; if state court, name the county and State)*
_____ N/A _____

3.    Docket or index number
_____ N/A _____

4.    Name of Judge assigned to your case
_____ N/A _____

5.    Approximate date of filing lawsuit
_____ N/A _____

6.    Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition.    _____ N/A _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____ N/A _____

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☑ Yes

☐ No

D.   If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit

Plaintiff(s)   *Zebelede Gerrison*

Defendant(s)   *Captain J pope Lsgt Haddock*

2.   Court *(if federal court, name the district; if state court, name the county and State)*

*Pensacola Florida*

3.   Docket or index number

*5:19-cv-00291-TKW/MJF*

4.   Name of Judge assigned to your case

*T kent wetherell II/michael J Frank*

5.   Approximate date of filing lawsuit

*8-16-19   I assume.*

6.   Is the case still pending?

☐ Yes

☑ No

If no, give the approximate date of disposition _____

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

*Settlement*

# ADDITIONAL PAGE 10 OF 11

☒ Yes

☐ No

If your answer to c is yes describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another page, using the Same Format.)

1. Parties to the previous lawsuits.

    Plaintiff(s) _Zebelede garrison_

    Deffendant(s) _Sergeant J Foster_

2. Court (if Federal court, name the district; If State court, name the county and state)

    _Ft Myer's Florida_

3. Docket or index number

    _2:20-cv-132-SPC NPM_

4. Approximate Date of lawsuit

    _2-21-22_

5. Name of Judge assigned to your case.

    _SPC / NPM_

6. Is this case still pending?

    ☐ Yes

    ☒ No

    If no give the approximate date of disposition

    _Unknown_

7. What was the results of your case? (For example; was this case dismissed? Was Judgement entered in your Favor? Was the case Appealed?

    _Settlement_

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    10-7-22

Signature of Plaintiff

Printed Name of Plaintiff    Zebelede Garrison

Prison Identification #    B12696

Prison Address    P.o. Box 800

Raiford    Fl    32083
City    State    Zip Code

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

City    State    Zip Code

Telephone Number

E-mail Address